**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sanxay XAYADETH, Defendant-Appellant.**

**No. 16-30083**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 14, 2017

Helen J. Brunner, Esquire, Assistant U.S. Attorney, Stephen P. Hobbs, Special Assistant U.S. Attorney, Thomas Merton Woods, Esquire, Assistant U.S. Attorney, DOJ-Office of the U.S. Attorney, Seattle, WA, for Plaintiff-Appellee

Vanessa Pai-Thompson, Assistant Federal Public Defender, FPDWA—Federal Public Defender's Office, Seattle, WA, for Defendant-Appellant

*See* Fed. R. App. P. 34(a)(2).

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

### MEMORANDUM \*\*

Sanxay Xayadeth appeals from the district court's judgement and challenges the 94-month sentence imposed following his guilty-plea conviction for possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court held a joint sentencing hearing for the instant criminal conviction and Xayadeth's violation of supervised release. At the hearing, the district court determined that an aggregate 94-month sentence was warranted, which was composed of a 57-month sentence for the criminal conviction and a consecutive low-end 37-month sentence for the supervised release violation. Without objection from Xayadeth, however, the district court elected to impose the 94-month sentence for the criminal conviction and dismiss the supervised release violation.

Xayadeth contends that the district court procedurally erred by failing to explain adequately the 37-month portion of the sentence that the court said reflected the supervised release violation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record reflects that the court sufficiently explained its sentencing determination. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Xayadeth next contends that his 94-month sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Xayadeth's sentence. *See Gall v. United States*, 552 U.S.

38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the relevant 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Xayadeth's significant criminal history. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

\*\* This Disposition Is Not Appropriate for Publication and Is Not Precedent Except as Provided By Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).